Todd Blanche
Deputy Attorney General of the United States
Caitlin Baunsgard
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 24 2026

SEAN F. MCAVOY, CLERK
________, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HUGO ENRIQUE DAVADI (a/k/a "Flako"),<br>Defendant. | 1:24-CR-02027-SAB-32<br><br>PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C) |

Plaintiff United States of America, by and through Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, HUGO ENRIQUE DAVADI (a/k/a "Flako") ("Defendant"), both individually and by and through Defendant's counsel, David Hammerstad, agree to the following Plea Agreement:

1. Waiver of Indictment, Guilty Plea and Maximum Statutory Penalties:

Defendant agrees to waive Indictment by the Grand Jury and enter a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to the Information, charging Defendant with Conspiracy to Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846, a Class A felony.

As Defendant has one prior "serious drug felony" conviction pursuant to 21 U.S.C. § 802(58) as charged in the Superseding Indictment and now the Information,

Defendant understands the following potential penalties apply, and waives any further notice pursuant to 21 U.S.C. § 851:

a. a term of imprisonment of not less than 10 years nor more than life;

b. a term of supervised release of not less than 8 years and up to a lifetime;

c. a fine of up to $4,000,000;

d. a $100 special penalty assessment.

2. Supervised Release:

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. Denial of Federal Benefits:

Defendant understands that by entering this plea of guilty, Defendant may no longer eligible for assistance under any state program funded under part A of Title IV

of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

4. Potential Immigration Consequences of Guilty Plea:

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a. sentencing is a matter solely within the discretion of the Court;

b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea unless permitted elsewhere in this Plea Agreement.

6. <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a. The right to a jury trial;

b. The right to see, hear and question the witnesses;

c. The right to remain silent at trial;

d. The right to testify at trial; and

e. The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7. Elements of the Offense:

The United States and Defendant agree that to convict the Defendant of Conspiracy to Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846, the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, beginning on a date unknown but by on or about July 2023 and continuing to on or about April 18, 2024, in the Eastern District of Washington, Defendant entered into an agreement with one or more persons to commit the crime of distribution of fentanyl; and
>
> *Second*, Defendant became a member of the conspiracy knowing of at least one if its objects and intending to help accomplish it; and
>
> *Third*, the agreement was to distribute more than 40 grams of fentanyl, which was reasonably foreseeable to him as a member of the conspiracy.

8. Statement of Facts and Stipulation:

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Drug Enforcement Administration ("DEA") were conducting a long-term investigation into a continuing criminal enterprise operating primarily in the federal

prison system. During the investigation, Defendant was identified as a member of the La Raza set of Norteños based in the Yakima, Washington area. In this role, he would facilitate communications between co-conspirators in federal custody and Norteños out of custody, to include information about drug trafficking, payment of 'taxes' to leadership, and other matters of common interest.

Defendant was also identified as a drug trafficker in the Yakima area. For example, on January 5, 2024, Defendant sold a confidential informant 2 "boats" (*i.e.* 2,000) fentanyl pills in Yakima. During that controlled purchase, Defendant affirmed he was selling drugs provided by co-conspirators. At some point around March 2024, Defendant became indebted to his source of supply and, accordingly, was unable to obtain more drugs from that source. Numerous conversations between his co-conspirators discussed this outstanding debt and their inability to locate Defendant to collect.

On April 18, 2024, Defendant was located at a local motel in the Yakima area and arrested on a federal arrest warrant. A search incident to arrest of his person revealed U.S. Currency as well as pink fentanyl powder and burned aluminum foil, indicating it had been used for fentanyl ingestion.

Defendant's 2006 Nissan Titan was present at that location along with a 2012 Nissan Altima. An individual located in the front passenger seat of the Nissan Altima, James Smith-Pierce, as well as the registered owner of the vehicle who was at the location, Tajon Lee, advised that they had given Defendant a ride to that motel and Defendant still had bags in the back of the Altima. A federal search warrant was obtained for the Altima, and in a black backpack disclaimed by Lee and Smith, ATF located pink fentanyl pills, cocaine, methamphetamine, suboxone strips, multiple cell phones, and 2 digital scales as well as dominion for Defendant's wife, who was not present at the location. In a separate backpack in the rear of the vehicle, also

disclaimed by Lee and Smith, ATF located a loaded HS Produckt Model XD45 .45 caliber pistol with serial number XS531286[1].

Cooperating Defendant ("CD10")[2] advised that he/she was business partners with Defendant in the fall of 2023 and they trafficked a large amount of fentanyl, estimated to be approximately 450,000 fentanyl pills (described as being pink, light blue, or multicolor) and 3-4 kilograms of fentanyl powder. CD10 stated Defendant would mainly receive these pills in the mail from coconspirators.

Defendant stipulates and agrees he conspired with others to distribute 40 grams or more of a mixture or substance containing fentanyl in the Eastern District of Washington.

9. <u>The United States Agrees</u>:

a. *Not to File Additional Charges*:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

b. *Dismissal of Superseding Indictment & Case 1:24-CR-2015-SAB*:

At the time of sentencing, the United States agrees to move to dismiss the Superseding Indictment in this case as well as to Defendant only as the Indictment in 1:24-CR-2015-SAB, provided Defendant does not breach the Plea Agreement, test positive for a controlled substance, or obstruct justice (or attempt to do so).

10. <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine

---

[1] Defendant disputes his possessory interest in the firearm.

[2] Defendant agrees CD10 made this statement; however, contests its accuracy.

Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations:

a. *Base Offense Level and Relevant Conduct*:

Defendant understands the United States will recommend a base offense level of 38 as the United States submits Defendant possessed and distributed more than 36 kilograms of fentanyl during this conspiracy. Defendant is free to recommend any base offense level he deems appropriate. *See* USSG §2D1.1(a)(5), (c)(1); USSG §1B1.3(a).

b. *Specific Offense Characteristics*:

The United States will recommend a 2-level enhancement Defendant possessed a firearm in connection with this offense. *See* USSG §2D1.1(b)(1). Defendant is free to oppose this enhancement.

The United States and Defendant make no agreement as to any other specific offense characteristics. *See generally* USSG §2D1.1(b).

c. *Role Adjustments*:

The United States and Defendant agree recommend no role adjustment applies. *See* USSG §3B1.1; USSG §3B1.2.

d. *Acceptance of Responsibility*:

The United States will recommend that Defendant receive a 3-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b) if Defendant does the following:

i. accepts this Plea Agreement;

ii. enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv. provides complete and accurate information during the sentencing process; and

v. does not commit any obstructive conduct.

e. *Agreements Regarding Representations to the Court*:

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

Regarding all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i. The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

f. *No Other Agreements*:

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

g. *Criminal History*:

The United States and Defendant have made no agreement and make no representations as to Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigative Report is completed.

11. Rule 11 Nature of the Plea Agreement and Length of Incarceration[3]:

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 144 months (12 years) in custody. The United States and Defendant agree to make that sentencing recommendation to the Court. Although the

---

[3] At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

United States and Defendant agree to make this recommendation to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 144 months (12 years) or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 144 months (12 years) or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it

12. Supervised Release:

The United States and Defendant each agree to recommend 8 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a. that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release;

b. that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer;

c. that Defendant not associate with any gang members unless given permission in advance from his Probation Officer.

13. <u>Criminal Fine</u>:

The United States and Defendant agree to recommend the Court impose no criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. <u>Mandatory Special Penalty Assessment</u>:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013.

15. <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Additional Violations of Law Can Void Plea Agreement:

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. Waiver of Appeal and Collateral Attack Rights:

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any and all aspects of Defendant's conviction and/or the sentence the Court imposes, on any and all grounds, so long as the Court imposes a term of incarceration consistent with this Rule 11(c)(1)(C) Plea Agreement. Defendant further expressly agrees that if the Court indicates its intent to impose a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings,

any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. Withdrawal or Vacatur of Defendant's Plea:

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a. this Plea Agreement shall become null and void;

b. the United States may prosecute Defendant on all available charges;

c. the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. Integration Clause:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Deputy Attorney General

Benjamin [signature] B. Seal for | 2-24-26
Caitlin Baunsgard | Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

HUGO ENRIQUE DAVADI
Defendant

2/24/26
Date

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with Defendant. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

David Hammerstad
Attorney for the Defendant

2/24/26
Date