JUDGE STANLEY A. BASTIAN

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>HUGO DAVADI,<br><br>Defendant. | NO. 24-2027 SAB<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**I.**

**INTRODUCTION**

Mr. Davadi comes before the court for sentencing on one count of Conspiracy to Distribute Controlled Substances, pursuant to 18 U.S.C. § 841(a) and 841(b)(1)(A)(vi). Accordingly, he is subject to a mandatory minimum 10 year sentence and 8 years of supervised release.

The parties have agreed, pursuant to FRCP 11(c)(1)(C), that Mr. Davadi should receive a sentence of 144 months in custody followed by 8 years of supervised release. This is a lengthy



**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

sentence that the parties agree is "sufficient, but not greater than necessary," to meet the objectives of 18 § U.S.C. 3553(a).

Although the sentence is agreed, Mr. Davadi does contest a two-point enhancement for possession of a firearm under USSG §2D1.1(b)(1) and contests the Base Offense Level (BOL) calculated by U.S. Probation. The PSI is an impactful document that will follow Mr. Davadi to BOP and influence many important decisions during his lengthy time in custody, including custody level and access to programming. In particular, the 2-point firearm enhancement will render Mr. Davadi ineligible for early release to the community drug treatment portion of the RDAP program, should he complete that program.

## II.

## OBJECTIONS TO PRESENTENCE REPORT

The government does not often credit the uncorroborated, self-serving testimony of individuals with criminal history who are currently under prosecution or suspicion of further criminal acts. Yet here the government has credited such unreliable information in two separate instances when it works to the detriment of Mr. Davadi.





**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

Two-Point Firearm Enhancement (USSG §2D1.1(b)(1)) (PSI paragraphs 58-59, 73)

With regard to the April 18, 2024 search, which yielded a firearm in one bag in the trunk of another individual's Altima, U.S. Probation restates the information to which Mr. Davadi objected but does not respond to the arguments made by Mr. Davadi, including:

- There were drugs, drug paraphernalia and cash in the front compartment of the Altima where the registered owner of the car and his passenger were located when police approached and asked for consent to search the car;
- When the registered owner, who has felony convictions for residential burglary and theft, told officers that the bags in the car were not his, Yakima PD officers "advised that [he] appeared nervous regarding the contents of the vehicle, and they believed it was odd that he would provide consent and say he would specifically point out what was not his." (Bates 11763);
- Officers who searched the registered owner's vehicle observed that "throughout this vehicle there was dominion for [registered owner]" (Bates 34406),

Mr. Davadi's full objection is contained at dkt. 1623. ("In summary, a gun and ammunition were found in a backpack in the trunk of [registered owner's] car. Both [registered owner], who was in the driver's seat, and his passenger were in possession of drugs, drug paraphernalia, and cash at the time police arrived. Although there were other items in the trunk that appear to have items consistent with belonging to Mr. Davadi, there was nothing in the red





**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

and pink backpack to suggest it belonged to Mr. Davadi. The fact that the other occupants of the vehicle may have denied possession of those items is utterly predictable and carries no weight. The government lacks sufficient evidence based on reliable sources to prove, by a preponderance of the evidence, that the gun and ammunition belong to Mr. Davadi.") Id. at 4.

The reports that the defense shared with U.S. Probation in support of Mr. Davadi's objection are filed separately under seal, as they are marked as protected discovery.

Base Offense Level (PSI paragraphs 64, 72)

U.S. Probation restates the information contained in its report without responding to Mr. Davadi's objection, so defense counsel refers the court back to its objections. See Dkt 1623 at 5-7. For the court to rely on information to resolve a sentencing dispute it must have "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. §6A1.3. Here, there is no corroboration for the word of a cooperating defendant seeking leniency. Without that information, U.S. Probation would calculate Mr. Davadis' BOL at 24. See PSI paragraph 71. The PSI's reliance on the cooperator's uncorroborated information raises U.S. Probation's calculation of Mr. Davadi's guidelines range from 84-105 months to 324-405 months. The greater offense level also affects BOP's evaluation of the seriousness of Mr. Davadi's offense and is likely to affect his custody level at BOP.





**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

Remaining Objections

¶ 57. The only potentially relevant information in this paragraph is the phrase "it appeared Mr. Davadi was armed with a firearm during the encounter." However, a single Ring photograph showing Mr. Davadi holding an unidentified object in his hand is not sufficiently compelling for U.S. Probation use it to justify a 2-point enhancement, but the conclusion that Mr. Davadi was carrying a firearm could be enough for the Bureau of Prisons to rely on this information to deny Mr. Davadi eligibility to earn early release for completing the RDAP program, on the basis that "the current offense involved the carrying, possession, or use of a firearm or other dangerous weapon."[1] Mr. Davadi objects to the inclusion of the objected-to-phrase, and without that information the remaining information is not substantive enough for inclusion.

¶ 63. Mr. Davadi stands by his objection. See Dkt. 1623 at 5.

¶ 176 Should read "Yakima County Prosecutor" not City of Yakima.

**IV.**

**ARGUMENT**

**<u>A sentence of 144 months is "sufficient, but not greater than necessary"</u>**

---

[1] BOP Program Statement 5162.07





**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

18 § U.S.C. 3553(a) dictates that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by that statute. A court's final determination of a sentence must reflect "§3553(a)'s overarching instruction to 'impose a sentence sufficient, but not greater than necessary' to accomplish the sentencing goals advanced in 3553(a)(2)." *United States v. Kimbrough, 552 U.S. 85, 111 (2007).* Although calculation of the advisory Guidelines is a necessary part of sentencing, a sentencing court "may not presume that the Guidelines range is reasonable," *United States v. Gall,* 552 U.S. 37, 50 (2007), and need not accord the advisory guidelines weight at sentencing where a guideline "does not exemplify the [Sentencing] Commission's exercise of its characteristic institutional role," that is, advising the Courts of appropriate sentencing guidelines based upon "empirical data and national experience." *Kimbrough,* 128 S.Ct. 558, 575. Criticism of the drug guidelines on this score has been well documented.[2]

Mr. Davadi served as a fungible cog in the drug conspiracy charged in this matter. The most credible evidence gathered by the government suggests that he sold 2,000 fentanyl pills in a hand-to-hand sale with a confidential informant in January 2024, and by March of 2024 was so insolvent that he had trouble paying for drugs that were fronted by his supplier and grew indebted to that supplier. *Plea Agreement,* dkt. 1351 at 6. Credible evidence also suggests that

[2] *See, e.g. United States v. Kimbrough,* 128 S.Ct. 558, 567 (2007) (observing that the Sentencing Commission did not use an empirical approach in developing the Guidelines for drug-trafficking offenses); *United States v. Cabrera,* 567 F.Supp.2d 271 (D. Mass. 2008) ("the Sentencing Commission has never explained how drug quantity is meant to measure offense seriousness, and significantly, how it correlates with the purposes of sentencing under 18 U.S.C. § 3553(a).")





**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

Mr. Davadi was a user of fentanyl and was in possession of user quantities of drugs at the time of his arrest. *Id.* This suggests that Mr. Davadi was, at best, a mid-level redistributor using part of his proceeds to fund his own habit, and not a high-volume supplier of fentanyl as alleged by the defendant-turned-informant.

Regardless, a sentence of 144 months is a very lengthy sentence. Mr. Davadi is 38 years old. He will be incarcerated well into his forties, and an extraordinarily lengthy 8-year term of supervised release will subject Mr. Davadi to the possiblity of even more prison time well into his fifties. Of the 16 defendants sentenced in this case thus far, Mr. Davadi's proposed sentence of 144 months is the longest. Three defendants—Felipe Feliciano Ramirez, Jacenir Amerzuca Dasilva, and Joshua Isaac Stine, have received sentences of 120 months confinement. In reviewing the sentencing pleadings of these three defendants, it is arguable whether Mr. Davadi deserves a longer sentence than any of them, but a sentence of 144 months, followed by 8 years of supervised release, is certainly "sufficient, but not greater than necessary" to achieve the objectives of sentencing.

As the PSR details, Mr. Davadi grew up without a father and with a mother who struggled with heroin addiction. Given the examples of his upbringing, it is not shocking that he has had a lengthy struggle with substance abuse. PSR ¶¶ 224-225. Mr. Davadi hopes to be placed at a BOP facility that had the RDAP program as well as vocational offerings. Mr. Davadi was previously incarcerated at FCI El Reno in El Reno, Oklahoma, and took advantage of their





**Law Office of David Hammerstad, LLC**
**1000 2nd Ave, Suite 2530**
**Seattle, Washington 98104**
**Tel. 206.445.0215 –Fax 206.267.0349**
**e-mail:** david@hammerstadlaw.com

welding program to gain job skills he used upon release. El Reno also offers plumbing and electrical training and Mr. Davadi would like, if possible, to be placed there again.

## CONCLUSION

A sentence of 144 months and 8 years supervised release is "sufficient, but not greater than necessary" to achieve the objectives of 18 U.S.C §3553(a). Mr. Davadi requests a recommendation for RDAP and placement at El Reno FCI if possible.

Dated this 22nd day of September, 2026

/s/ David Hammerstad____

David Hammerstad #34255
Attorney at Law
Law Offices of David Hammerstad
1000 2nd Ave Suite 2530
Seattle, WA 98104
(206) 445-0215
(206) 267-0349 (fax)
david@hammerstadlaw.com

## CERTIFICATE OF SERVICE

I, David Hammerstad, hereby certify that on September 22, 2026, I electronically filed the foregoing *Sentencing Memorandum* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the Government.

/s/ David Hammerstad____
David Hammerstad #34255
Attorney at Law
Law Offices of David Hammerstad
1000 2nd Ave Suite 2530
Seattle, WA 98104
(206) 445-0215
(206) 267-0349 (fax)
david@hammerstadlaw.com